774 So.2d 1212 (2000)
STATE of Louisiana, Appellee,
v.
Herbert ALLEN, Appellant.
No. 34,103-KA.
Court of Appeal of Louisiana, Second Circuit.
December 22, 2000.
*1213 Louisiana Appellate Project by Amy C. Ellender, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, George D. Ross, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, C.J., and STEWART and GASKINS, JJ.
STEWART, J.
The defendant, Herbert Allen, was charged with possession of cocaine with intent to distribute, violations of La. R.S. 40:967 and La. R.S. 40:979. Following a jury trial, the defendant was found guilty of the responsive charge of attempted possession and was sentenced to two years at hard labor to run concurrent with his sentence for a probation violation. The defendant argues that the circumstantial evidence was insufficient to support the conviction beyond a reasonable doubt and that his sentence is excessive. For the reasons we are about to discuss, we hereby find that the evidence is insufficient to prove beyond a reasonable doubt that this defendant had the specific intent to possess cocaine. As such, we reverse the trial court's determination and vacate the sentence.

FACTS
Monroe police officers executed a search warrant on a house apparently suspected of being used for drug trafficking at a time when at least half a dozen people were present or in the yard. In one of the bedrooms the police found a razor blade and a bottle containing cocaine in close proximity to a wallet containing a credit card which belonged to the defendant. There was no other evidence linking the defendant to the cocaine.

DISCUSSION

Sufficiency of Evidence
By assignment of error, the defendant argues that the evidence produced at trial was insufficient to support the guilty verdict of attempted possession of cocaine. We agree.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La. 1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
To support this conviction for attempted possession of cocaine, the state has the burden of proving that the defendant had the specific intent to knowingly possess an illegal drug, and that he performed an act for the purpose of and tending directly toward the accomplishment of his object. La. R.S. 14:27; State v. Matthews, 552 *1214 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990).
Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991). Factors which may be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his access to the area where the drugs were found, and his physical proximity to the drugs. State v. Daniels, 614 So.2d 97 (La.App. 2d Cir.), writ denied, 619 So.2d 573 (1993).
Guilty knowledge is an essential element of possession of a controlled dangerous substance. Mere presence in the area is not sufficient to support a finding of guilt, but the fact finder may draw reasonable inferences based on the evidence at trial. State v. Matthews, supra.
At trial, Officer Triche Passman, a member of the Monroe Police Department, testified that he participated in the execution of a search warrant on March 25, 1998 at a house located at 112 Morton Street in Monroe. Passman stated without explanation that the targets were "Herbert" and crack cocaine. Passman searched the southwest bedroom of the house. The defendant, Herbert Allen, was outside the house in the front yard at the time of the search. Passman found a wallet in the bedroom. The wallet contained a credit card issued to the defendant. In the same room, Passman found a razor blade and an Aleve bottle. The bottle contained crack cocaine. Passman also found a quantity of cash in the bedroom under a mattress. Money was also found scattered on the floor of the bedroom.
On cross, Passman said the search took place "probably" late evening, but it was daylight. He stated that the normal procedure is to get all persons out of a house before conducting a search. According to Passman, when the police arrived, there were seven or eight people standing in the middle of the street. There were two or three in the yard, and there were two or three people inside the house. The defendant was not in the house when the police arrived. The persons who were in the house were in the living room when the police entered.
Passman stated that the Aleve bottle, the razor blade and the wallet were on a TV stand. Cash was lying all over the floor. Passman said that he believed the house had three bedrooms. He could not recall finding any clothing which was associated with the defendant. Passman said that he was not aware of any utilities being in defendant's name. Passman stated that he thought the defendant's mother owned the house.
Mark Johnson, a member of the Monroe Police Department, testified that he participated in the execution of the instant search warrant. Johnson was present with Passman when he searched the bedroom. He stated that he saw the items Passman seized: the loose cash on the floor was $136 and the money under the mattress was more than $300. Johnson stated that it is common for drug users to have a razor blade to cut the rock, and that they usually use a crack pipe. However, the police did not find a crack pipe in the house. According to Johnson, the Aleve bottle contained 18 rocks of cocaine. Johnson's expert opinion was that the cocaine, as found with a razor blade, no crack pipe, and lots of cash, was "inconsistent with personal use."
We believe that in this case, which is largely based on circumstantial evidence, there exists a hypothesis of innocence sufficient to preclude a rational fact finder from finding that the defendant is guilty beyond a reasonable doubt. There was little, if any, evidence that proved that the defendant lived at the house where the drugs were discovered. There was testimony that the defendant's girlfriend *1215 dropped him off there in the morning to visit family members for the day and that there were many people who had access to the bedroom in which the defendant's credit card was found. Also, there is no proof that the Aleve bottle or even the wallet belonged to the defendant. It is possible that the credit card could have been stolen or loaned to someone else. This appears to be a case of guilt by mere presence, which our jurisprudence does not permit. In order to support a verdict of attempted possession, the state had to prove that the defendant had specific intent to commit the crime. The presence of a credit card beside a bottle, which could have been placed on the TV stand by someone else, at any time, is not sufficient to establish specific intent. Viewing the evidence in the light most favorable to the prosecution, we do not find that a rational trier of fact could have found the essential elements of attempted possession proven beyond a reasonable doubt. Accordingly, we reverse the trial court's guilty verdict.
Because we reverse the defendant's conviction due to lack of sufficient evidence, we need not consider whether the sentence was excessive. Instead, we vacate the sentence imposed by the trial court in accordance with our reversal of the guilty verdict.

CONCLUSION
We hereby reverse the trial court's determination and vacate the defendant's sentence.
REVERSED AND SENTENCE VACATED.