850 So.2d 987 (2003)
STATE of Louisiana, Appellee,
v.
Laxaverian WHITE, Appellant.
No. 37,261-KA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
*988 Louisiana Appellate Project, by Peggy J. Sullivan, Monroe, for Appellant.
Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
STEWART, J.
The state charged Laxaverian White ("White") with distribution of cocaine, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and conspiracy to distribute those Controlled Dangerous Substances ("CDS"). Following a trial on the merits, the jury returned a responsive verdict of guilty to possession of cocaine and attempted possession of marijuana. The court imposed a sentence of three years at hard labor on the cocaine charge and sixty days on the marijuana charge, with the sentences to be served consecutively to each other and to a revoked parole sentence. White has not challenged his conviction for attempted possession of marijuana, nor has he challenged his sentences. However, White does challenge the sufficiency of the evidence of the conviction for possession of cocaine. We find that the evidence supports a finding of constructive possession of cocaine beyond a reasonable doubt. Thus, the convictions and sentences are affirmed.

FACTS
Monroe police detective Mark Johnson ("Johnson") testified that on April 3, 2002, he obtained a search warrant for a residence at 1508 Dilling Street in Monroe. The warrant specifically named Laxaverian White and his brother, Antonio White. Johnson went to the residence with a special response team on April 4, 2002, where they conducted a flash-bang entry. Johnson described several photos taken at the scene, including a picture showing the windows completely blocked out by aluminum foil and eight cell phones and their chargers lined up on a window sill. It is common for drug dealers to use Nextel cell phones equipped with a walkie-talkie capability to conduct business. The defendant was next to a table which had a cell phone on it. Also lying on the table next to the defendant were a clear plastic bag containing powder cocaine, a clear *989 plastic bag containing crack cocaine, and an ashtray containing marijuana. Razor blades found in the residence were consistent with paraphernalia used in drug distribution.
Detective Johnson identified several items seized from the scene incident to the arrest of the defendant. First, he identified an envelope addressed to White. It bore numerous figures indicating drug sales, the amounts purchased and sold, the buyers and amounts owed. Next, he identified a razor blade with cocaine residue seized from the top of the TV in the living room five feet from where the defendant was located.
The house where the defendant was arrested appeared to be nothing more than a drug distribution center. It had no beds, but did have blow-up mattresses. In addition, there were no linens or clothes in the closets. A baby crib in the southeast bedroom was used to hold a pile of clothes. However, an officer found crack cocaine in the crib. Also introduced into evidence were: an electric bill addressed to Antonio White at the house number; a set of digital scales found in the living room closet that was consistent with the type used in drug trafficking; and the defendant's wallet which was found on the table next to the two bags of drugs. The wallet was inches away from the drugs.
There was a large amount of drugs and drug paraphernalia seized from various places in the home. The following items were recovered: (1) a bag containing thirty-eight $20 rocks of crack, taken from the crib in the southeast bedroom; (2) 252 grams of marijuana divided among 22 plastic bags and a half ounce of marijuana both taken from the north bedroom closet; (3) three rocks of cocaine found in a pill bottle in the north bedroom closet; (4) two straws and a razor blade with crack residue recovered from under the living room couch; (5) a used crack pipe found in the southwest bedroom; (6) a shoe box full of stems and seeds trimmed from marijuana leaves, which is consistent with a drug dealer's activity of making the contraband better for sale. The amount of marijuana and cocaine found in the house was not consistent with personal use.
On cross examination, Detective Johnson admitted that Antonio White rented the residence where this incident occurred. None of the utility bills were in defendant's name. None of the four bedrooms contained clothing or linens. There was no proof the records of drug transactions on the envelope addressed to the defendant were his handwriting. In fact, Johnson had no idea where defendant was just before the police entered the building.
Nonetheless, Detective Jerry Melton testified that on April 4, 2002, he was present at the execution of the search warrant in this case. He was the first officer through the door. He noted that the defendant was sitting at a card table which had drugs, a wallet, a cell phone and an ashtray on it.
Katrina White, the defendant's wife, testified that on April 4, 2002 she and White lived at a different address than where he was arrested. She said that he had been with her until 12:20 p.m. on the day of his arrest. She stated that the defendant had never lived at Antonio's Dilling Street residence. Although the envelope which bore the drug transaction numbers bore White's name and an address at which he and Katrina had lived, 800 South Seventh Street, she had no idea how the envelope got to Antonio's house.
Following a trial, the defendant was found guilty of possession of cocaine and attempted possession marijuana. This appeal ensued.

*990 DISCUSSION
Sufficiency of Evidence
White argues that the evidence was insufficient to support the conviction for possession of cocaine. He contends that he was merely in the wrong place at the wrong time and that the state failed to prove he was aware cocaine was present.
Although the record does not reflect that the defendant filed a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
To support a conviction for possession of a CDS, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed the drug. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990). However, to be guilty of possession of a CDS, one need not actually possess the contraband; constructive possession is sufficient to convict. State v. Matthews, supra; State ex rel. T.E., XXXX-XXXX (La.App. 4th Cir.4/11/01), 787 So.2d 414. Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. Perez, 569 So.2d 609 (La.App. 2d Cir. 1990), writ denied, 575 So.2d 365 (La. 1991). Factors which may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are the defendant's knowledge that the illegal drugs were present, evidence of recent drug use, the defendant's proximity to the drugs, and evidence that the area is frequented by drug users. State v. Barthe, 2000-2404 (La.App. 4th Cir.12/27/01), 806 So.2d 53. Another consideration is the defendant's relationship with the person in actual possession of the drugs. State v. Toney, 99-1574 (La.App. 4th Cir.11/8/00), 796 So.2d 1, writ denied, XXXX-XXXX (La.11/16/01), 802 So.2d 619.
Mere presence in the area where narcotics are discovered is insufficient to support a finding of possession. However, the fact finder may draw reasonable inferences based upon the evidence presented at trial. State v. Matthews, supra.
The evidence, viewed in the light most favorable to the prosecution, shows that the defendant was in a building, rented by his brother, that was set up as a drug distribution center. The state established that the defendant had dominion and control of the bags of powder cocaine and crack cocaine that were at the card table where he was seated. There was a visible bank of cell phones, some with walkie-talkie capability, on a nearby window sill. The windows were shielded from view from the outside by aluminum foil. An envelope bearing records of drug transactions was on the table in front of the defendant. The envelope bore his name and an address at which he lived. He was five feet from a TV on which was a razor blade with cocaine residue.
The logical inference from all of this is that the defendant knew that CDS were present in the area. The burnt marijuana in the ashtray on the card table was evidence of recent drug use. White cannot reasonably deny knowledge of the two bags of cocaine and the marijuana in the ashtray that were inches from his face. The numbers on his envelope are evidence that he was actively involved in making records of drug transactions. In sum, the evidence shows that the defendant was in constructive possession of the cocaine on the table in front of him.
*991 Thus, we conclude that there was sufficient evidence to convict the defendant on the charge of possession of cocaine and on the charge of attempted possession of marijuana.

CONCLUSION Because the evidence is sufficient to support the challenged conviction for possession of cocaine, the convictions and sentences are affirmed.
AFFIRMED.