862 So.2d 448 (2003)
STATE of Louisiana, Appellee,
v.
Donald Gene HOLLAND, Appellant.
No. 37,922-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*449 Carey J. Ellis, III, Louisiana Appellate Project, Rayville, for Appellant.
Paul J. Carmouche, District Attorney, Alex J. Washington, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
GASKINS, J.
The defendant, Donald Gene Holland, appeals his conviction by jury of possession of cocaine, arguing that the evidence presented at trial was insufficient to support the conviction. We affirm the conviction and sentence.

FACTS
On December 4, 2001, Shreveport Police were called to investigate a stabbing on Sam Fertitta Drive in Shreveport. Officers D.A. Lott and D.M. Cortez were among the officers who responded to the call. The officers interviewed a stabbing victim, who explained that she had gotten into a fight with another female. In search of the other female, the officers followed a blood trail, which led to a house located on Sam Fertitta Drive. The next door neighbor advised Officer Lott that the defendant, Donald Holland, lived at the house.
The defendant was found walking at the corner of Fairfield and Louisiana Avenues. Law enforcement officers explained the circumstances of their investigation to the defendant, including the fact that there was a blood trail leading to his house. The defendant returned to the house with the officers, where he unlocked the door with a key.
With the defendant's permission, the officers entered the house to look for the other female. Inside the residence, the officers found blood on furniture and the floor. Officer Cortez entered a bathroom with a closet that appeared large enough for a person to hide inside. The officer opened the closet and found five handguns as well as some cocaine on a plate. The defendant was placed under arrest and given his Miranda rights. The other female was never located. No. blood was found in the bathroom.
Before interviewing the defendant, Officer Anthony Rei again advised him of his Miranda rights, which the defendant indicated he understood. The defendant did not appear to be under the influence of any intoxicants and stated that he could read and write the English language. No threats or duress were used in obtaining the statement, which was freely and voluntarily given. Officer Rei questioned the defendant regarding the drugs and guns found in his house. The defendant told Officer Rei that he didn't know how those items had gotten into the house. He said that all the doors and windows had working locks and he was the only person with a key. The defendant also told Officer Rei that nobody was in the house when he wasn't there, and there had been no breakins. Officer Rei made an in-court identification of the defendant as the person he interviewed.
The defendant testified at trial, asserting that at the time of the crime, he lived on Youree Drive with his ailing mother. He stated that he waited near the Sam Fertitta Drive house for his ride to work. The defendant denied having a key to the house and asserted that the residence belonged to his friend, Johnson Clinton. He stated that his friend usually left the key so that he would have a place to wait for his ride. The defendant claimed that when the officers stopped him to ask about the house, a neighbor came by and gave him the key. He stated that the officers *450 saw the neighbor give him the key. He denied that the drugs belonged to him and asserted that he didn't know how the drugs got into the house. The defendant admitted that he spent a couple of nights at the Sam Fertitta Drive house, but denied telling Officer Rei that the house belonged to him. The defendant also testified that Officer Cortez was not telling the truth about being the officer who found the drugs. He further stated that Officer Lott was not telling the whole truth when she failed to testify that the neighbor gave him the key.
A six-person jury unanimously convicted the defendant as charged. On December 20, 2002, the defendant was sentenced to serve five years imprisonment at hard labor. He was also ordered to pay court costs or to serve ten days in the parish jail, with credit for time served, concurrent with the hard labor sentence. The defendant appealed.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that under the facts and circumstances of this case, and applying the pertinent factors, the state failed to present sufficient proof that he had constructive possession of cocaine.[1] This argument is without merit.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687, writs denied, XXXX-XXXX (La.10/26/01), 799 So.2d 1150, 2001-2087 (La.4/19/02), 813 So.2d 424. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common *451 experience. State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
La. R.S. 40:967(C), in part, prohibits the knowing and intentional possession of a Schedule II controlled dangerous substance. Cocaine is a Schedule II controlled dangerous substance. La. R.S. 40:964, Schedule II(A)(4). To support a conviction for possession of cocaine, the state must establish that the defendant was in possession of the drug and that he knowingly or intentionally possessed it. State v. Shields, 1998-2283 (La.App. 4th Cir.9/15/99), 743 So.2d 282. Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Williams, XXXX-XXXX (La.App. 4th Cir.3/24/99), 732 So.2d 105, writ denied, XXXX-XXXX (La.10/1/99), 748 So.2d 433. The elements of knowledge and intent need not be proven as facts, but may be inferred from the circumstances. State v. Porter, 1998-2280 (La.App. 4th Cir.5/12/99), 740 So.2d 160; State v. Monette, XXXX-XXXX (La.App. 4th Cir.3/22/00), 758 So.2d 362.
To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed the drug. However, to be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. White, 37,261 (La. App.2d Cir.6/25/03), 850 So.2d 987.
Guilty knowledge is an essential element of the crime of possession of illegal drugs and such knowledge can be inferred from the circumstances. State v. Anderson, supra. Mere presence in the area where narcotics are discovered is insufficient to support a finding of possession. However, the fact finder may draw reasonable inferences based upon the evidence presented at trial. State v. White, supra; State v. Allen, 34,103 (La.App.2d Cir.12/22/00), 774 So.2d 1212.
Credibility determinations are the province of the finder of fact. In the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact is sufficient to support the requisite factual conclusion. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
According to the defendant, the state did not present any documentary evidence (correspondence or assessment records) or physical evidence (fingerprints) to prove that he had any connection to the house. He contends that the state failed to prove that he knew that illegal drugs were located in the house, that he recently used drugs, that he was in close proximity to the drugs, or that the area was one frequented by drug users.[2] He asserts that he was not involved in the stabbing, and notes that, although blood was found in the house, no injured stabbing suspect was ever located. Because he claims that the house was not his, that he did not live there, and that he did not know the drugs were in the house, he asserts that the evidence is not sufficient to show that he possessed cocaine. He urges that his conviction be reversed and his sentence vacated.
*452 According to the state, the defendant told law enforcement officials several times that the house was his. He opened the door with a key and said that he had the only key to the residence. He claimed that no one else was present in the house when he was not at home. The state urges that the defendant placed his credibility at issue by testifying. The state contends that, considering these factors, there was sufficient evidence to support the conviction.
The jury in this matter was faced with a credibility determination. It obviously chose to believe the officers who testified that:
 the defendant had the key to the locked house with him
 the defendant admitted to police he lived there
 the defendant told police he was the only one who had a key
 the defendant told the officers no one was at the house when he was not there
 the defendant denied the house had been "broken into."
A review of the record shows that the evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to have found the essential elements of the crime of possession of cocaine proven beyond a reasonable doubt. The facts and circumstances support the finding that the defendant had constructive possession of the cocaine found in the house because it was subject to his dominion and control. See State v. White, supra; State v. Anderson, supra; State v. Riley, 587 So.2d 130 (La.App. 2d Cir.1991); State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La.1991); State v. Matthews, 552 So.2d 590 (La.App. 2d Cir. 1989), writ denied, 559 So.2d 137 (La. 1990). See and compare State v. Allen, supra.[3]

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Donald Gene Holland, for possession of cocaine.
AFFIRMED.
NOTES
[1] Although the record does not reflect that the defendant filed a motion for post verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28, 994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
[2] See factors listed in State v. White, supra.
[3] In State v. Allen, supra, there was no showing that the house in which drugs were found belonged to the defendant. The defendant was standing outside the house at the time of the search and a wallet containing his credit card was found in a bedroom close to a bottle containing crack cocaine. Others had access to the house and there were other explanations as to how the defendant's credit card came to be in the house. In the present case the defendant originally told officers that the house was his and he had the only key, but then gave a contradictory story at trial, which could have given the jury a reason to discount his credibility.