CARAWAY, J.
hThe defendant was convicted of possession of a Schedule II controlled dangerous substance, a violation of La. R.S. 40:967(C). He was sentenced to four years at hard labor. The defendant now appeals. The defendant’s conviction and sentence are affirmed.

Facts

On November 1, 2005, narcotics agents from the Shreveport Police Department and members of the Caddo Parish Sheriffs Office executed search warrants for two residences in the 3800 block of Mayfield Street. Controlled purchases of cocaine had been made from the house located at 3821 Mayfield Street. The owner of that residence was Danny Mingo, the defendant’s brother.
Agent David Recchia, a narcotics agent, was assigned to the perimeter team. He testified that as he arrived to execute the search warrant, he observed the defendant exit the driver’s side of a pick-up truck parked in the driveway of Danny Mingo’s residence. The defendant left the vehicle and walked to a house nearby and sat on the porch in an attempt to distance himself from the vehicle. Recchia also observed a female seated on the passenger side of the truck and another man in close proximity to the truck.
Recchia gave orders for everyone to show their hands and subsequently made direct contact with the vehicle and the subjects. Inside of the pick-up truck, he observed a yellow plate on the dashboard, directly in front of the steering wheel. The plate contained a residue of a sub *955 stance that was field tested positive as cocaine, a razor blade, and a dollar bill. The | aunidentified female passenger told Recchia that she came to the residence to obtain cocaine and smoke it with the defendant. Although no drugs were found on the female passenger, a crack pipe was discovered on the floorboard on the passenger side. Recchia testified that the female passenger was not arrested because she provided pertinent information to the officers.
In a bill of information, the defendant was charged with possession of a Schedule II controlled dangerous substance and convicted after a jury trial. He was sentenced to four years at hard labor.[1] , The defendant now appeals.

Discussion

The defendant first assigns as error the sufficiency of the evidence for conviction. The defendant argues that the state failed to show that the defendant was in actual or constructive possession of the cocaine because no evidence was presented to show that the cocaine was subject to his dominion and control or that he had knowledge of its existence.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). This standard was legislatively adopted in LaJjC.Cr.P. art 821 and applies to cases involving direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983). When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747. It is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Lee, 32,272 (La.App.2d Cir.8/18/99) 742 So.2d 651, writ denied, 99-2730 (La.3/17/00), 756 So.2d 326.
This court’s authority to review questions of fact in a criminal case is limited to. the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury’s decision to accept or reject .the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
La. R.S. 40:967(C), in part, prohibits one from “knowingly and intentionally” possessing a Schedule II controlled dangerous substance. |4Cocaine is a Schedule II controlled dangerous substance. La. R.S. 40:964, Schedule 11(A)(4).
The knowing and intentional possession of cocaine is a general intent crime. *956 State v. Clift, 339 So.2d 755 (La.1976); State v. Young, 05-702 (La.App. 5th Cir.2/14/06), 938 So.2d 90; State v. Odle, 02-0226 (La.App. 3d Cir.il/13/02), 834 So.2d 483, writ denied, 03-0625 (La.6/20/03), 847 So.2d 1219. A requirement of general criminal intent means that the circumstances indicate that the accused “in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” La. R.S. 14:10(2). To be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband. Constructive possession is sufficient to convict. Constructive possession is defined as having an object subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. White, 37,261 (La.App.2d Cir.6/25/03), 850 So.2d 987. Mere presence in the area where narcotics are discovered is insufficient to support a finding of possession. However, the fact finder may draw reasonable inferences based upon the evidence presented at trial. State v. White, supra; State v. Allen, 34,103 (La.App.2d Cir.12/22/00), 774 So.2d 1212. Thus, with this general intent crime of possession, the evidence must show that the defendant must have averted to the fact that he had the cocaine within his dominion and control.
A determination of whether there is possession sufficient to convict depends on the peculiar facts of each case. Factors to be considered in | ¡^determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, 01-1875 (La.10/15/02), 833 So.2d 910.
Narcotics Agents Recchia and Carlos Walker testified that they arrived at a residence located at 3821 Mayfield to execute a narcotic search warrant. The agents previously conducted two controlled purchases from the residence. Recchia testified that as they drove up, he observed a pick-up truck in the driveway of the residence. He stated that he witnessed the defendant exit the driver’s side of the vehicle while a female remained in the passenger seat. The plate on the dash in the vehicle contained the residue of a substance that field tested positive as cocaine. An expert witness from the North Louisiana Crime Lab also verified that the substance involved was cocaine.
Defense witness Marvin Davis testified that the defendant was standing in the yard, not at or near the truck, when the police arrived at the scene. Davis stated that he had been talking to the defendant for a few minutes before the police pulled up, and that the defendant was not in the truck during that time. He further testified that police officers did not find any drugs in the pick-up truck or in the May-field residence. The jury, however, heard testimony that Davis was taken into custody due to an outstanding warrant for simple battery, and that he had a prior felony | fiConvietion for cocaine. The jury as the trier of fact heard the testimony of all of the witnesses and obviously chose to believe the two police officers instead of Davis.
The defense also argues that there was a reasonable doubt that the drugs could have belonged to the female passenger. However, the woman did not testify and her statement to the police to the contrary was allowed into evidence.
*957 The officer described the truck from which the defendant exited as located in the driveway facing the street. He did not lose sight of the defendant who was immediately apprehended, and the officer could observe through the windshield the actions of the woman on the passenger side of the vehicle. A photo introduced into evidence shows the location of the cocaine on a yellow, dinner-size plate on the dash immediately above the steering wheel. It is clear from the photo that anyone seated in the vehicle on the driver’s side would be aware of the plate and cocaine. Although the defendant was never seen holding or touching the plate, the circumstantial evidence indicates that by his location in the driver’s seat of the vehicle he had dominion and control over the cocaine. By the evidence of his flight from the vehicle, the jury could also infer his guilty knowledge of possession of the drug.
From this evidence, beyond a reasonable doubt, the jury could conclude that the defendant had constructive possession of cocaine. He had access to it, and it was easily within his reach. Packages of controlled dangerous substances found in a car near the driver generally are found to |7be within the driver’s constructive possession. State v. Daniels, 614 So.2d 97 (La.App. 2d Cir.1993), writ denied, 619 So.2d 573 (La.1993); State v. Stanley, 34,437 (La.App.2d Cir.2/28/01), 780 So.2d 1207.
This assignment is therefore without merit.
In support of his argument that the sentence imposed is excessive, Mingo contends that the trial court cited no factors which supported the imposition of the four-year sentence. He contends that the trial court acknowledged that there was no agreed sentence imposed.
The defendant did not filé a La. C. Cr. P. art. 881.1 motion to reconsider the sentence in the trial court; thus, this court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164.
In reviewing a sentence for ex-cessiveness, this court must first determine whether there has been compliance with La.C.Cr.P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App.2d Cir.1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the | ^offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant’s background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one’s sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const, art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739, 751 (La.1992).
*958 A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
In sentencing the defendant, the trial court referenced a deal between defense counsel and the district attorney whereby the defendant would receive four years with credit for time served, with the caveat that the state would forgo the filing of a multiple bill against the defendant. La.C.Cr.P. art. 881.2(2) provides that a defendant cannot appeal or seek review of a 1sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. While the defendant did not enter into a plea agreement in the instant case, the record reflects that the trial court imposed the sentence in conformity with the agreement between the district attorney and defense counsel. Moreover, the defendant was present at the sentencing hearing and did not object to the sentence. Thus, in light of the sentencing agreement and the imposition of sentence by the trial court in accordance with that agreement, there was no necessity for the trial court to articulate reasons for the sentence under La.C.Cr.P. art. 894.1. Further, the sentence imposed was within the statutory maximum of 5 years for the offense of possession of a Schedule II CDS.
In any event, the defendant had an extensive criminal history which in-eludes prior felony convictions for aggravated criminal damage to property, possession of a Schedule II controlled dangerous substance and aggravated battery. These prior felony convictions were before the court by virtue of state habitual offender bill and an obvious consideration by the trial court for the near maximum sentence imposed. Based on these considerations, the sentence imposed is supported by the record and is not constitutionally excessive. This assignment is therefore without merit.
At the time of sentencing, the trial court failed to advise the defendant of the prescriptive period for applying for post-conviction relief under La.C.Cr.P. art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. La.C.Cr.P. arts. 921, 930.8(C); State v. Cox, 604 So.2d 189 (La.App. 2d Cir]in1992). The district court is directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within 10 days of the rendition of this opinion and file proof of the defendant’s receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir. 1992).

Decree

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The trial court imposed the four-year sentence in conformity with an agreement between the state and defendant. The state withdrew its habitual offender bill of information, and the defendant withdrew his pqst-verdict motions for new trial and acquittal or reduction in verdict.