996 So.2d 461 (2008)
STATE of Louisiana, Appellee
v.
Sylvester BROWN, Appellant.
No. 43,458-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 2008.
*463 Edward K. Bauman, Lake Charles, for Appellant.
Iley Evans, District Attorney, Brian E. Fraizer, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, J.
The defendant, Sylvester Brown, was convicted of possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967(A)(1). He was sentenced to 25 years at hard labor, to run consecutive to any other sentences the defendant is obligated to serve. He was also ordered to pay a $1,000 fine and fees, in default of which he was sentenced to serve 120 days in the parish jail. For the following reasons, we affirm the defendant's conviction. We amend the defendant's sentence to vacate the portion which imposes jail time in default of payment of the $1,000 fine and fees and affirm the sentence as amended.

*464 FACTS
On September 14, 2006, Officer Kevin Wyles, the probation and parole officer (PPO) supervising the defendant, received an anonymous telephone call that the defendant was in possession of a "fairly large amount of ... cocaine." The next morning, Officer Wyles and several other PPOs went to the defendant's Caldwell Parish residence to investigate this report of possible violations. There was no response to Officer Wyles' initial knock on the front door. When he slapped the door hard with his open hand, the door came open.
The officers found the defendant and another man asleep on couches in one room, and a woman was located in a bedroom. A bag of marijuana was found in plain view on an entertainment center in the room where the defendant was sleeping. A weapons search of the area around the defendant revealed three bags of substances later proven to be cocaine; they were concealed under the couch cushions.[1] After discovering the cocaine, the officers did a complete search of the house. In a bedroom, they found a set of scales and a razor blade on a night stand. In the kitchen, the items recovered included a hot plate and measuring cups with what appeared to be cocaine residue. The sheriff's office was contacted; its officers arrived at the scene and took custody of the three suspects and the evidence gathered by the PPOs.
The defendant was charged with possession of cocaine with intent to distribute. Following a jury trial, he was convicted as charged. The trial court sentenced him to 25 years at hard labor. It also imposed a fine of $1,000, plus fees; in default of payment, the defendant was ordered to serve 120 days in the parish jail. The defendant's motion to reconsider sentence was denied.
The defendant appealed, making three assignments of error.

DISCUSSION

Sufficiency of Evidence
The defendant argues that the evidence presented by the state was insufficient to establish the possession element of the crime of possession of cocaine with intent to distribute. However, the state argues that the circumstantial evidence regarding the presence of the drugs in the defendant's residence and in the couch on which he was found sleeping and the statement by another occupant that the drugs belonged to the defendant were sufficient to support a fact finder's conclusion that the drugs were in the defendant's constructive possession.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. *465 Robertson, 96-1048 (La. 10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Parker, 42,311 (La. App. 2d Cir.8/15/07), 963 So.2d 497, writ denied, 2007-2053 (La.3/7/08), 977 So.2d 896.
A person commits the crime of possession of cocaine with intent to distribute if he knowingly or intentionally possesses cocaine with the intent to distribute it. LSA-R.S. 40:967(A)(1). The state must prove that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. State v. Taylor, 39,651 (La. App. 2d Cir.4/6/05), 900 So.2d 212; State v. Johnson, 34,902 (La.App. 2d Cir.9/26/01), 796 So.2d 201, writ denied, 2003-2631 (La.11/8/04), 885 So.2d 1124. It is not necessary for the state to prove that the defendant was in actual possession of the contraband; rather, proof of constructive possession is sufficient. Constructive possession is shown when the state proves that the contraband was within the defendant's dominion and control and that the defendant had knowledge of its presence. State v. Toups, XXXX-XXXX (La.10/15/02), 833 So.2d 910; State v. Taylor, supra; State v. Holland, 37,922 (La.App. 2d Cir.12/10/03), 862 So.2d 448.
The mere presence of a person in the place where contraband is found or the mere association with another person possessing contraband is not sufficient to prove constructive possession. State v. Harris, 94-0970 (La.12/8/94), 647 So.2d 337; State v. Brown, 42,188 (La.App. 2d Cir.9/26/07), 966 So.2d 727, writ denied, 2007-2199 (La.4/18/08), 978 So.2d 347. Guilty knowledge is an essential element of a possession charge, and such knowledge may be inferred from the circumstances. State v. Toups, supra; State v. Taylor, supra. A determination of whether the defendant was in possession depends on the peculiar facts of each case, which may include the following: (1) the defendant's knowledge that the contraband is in an area; (2) his relationship with the person found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug use; and (5) the defendant's physical proximity to the contraband. Further, a defendant may have constructive possession if he willfully and knowingly shares the right to control the contraband with another. State v. Taylor, supra.
The defendant challenged whether the state's evidence was sufficient to establish the possession element of the crime of conviction. While the evidence in the present case did not establish actual possession of the drugs by the defendant, it is sufficient to establish constructive possession.
*466 The evidence reflects that the three bags of cocaine were found beneath the cushions of the couch on which the defendant had been sleeping when the officers entered the room. The defendant had recently indicated to his PPO that the house where he was apprehended, and where the drugs were discovered, was his residence.[2] In the house, other indicia of cocaine were present in plain view. Measuring cups containing white residue, hot plates, and digital scales were scattered throughout different parts of the house, the presence of which indicate that the defendant knew illegal drugs were present.
The defendant certainly had access to the area beneath the couch cushions on which he had been sleeping and where the bags of cocaine were found; their location was in close proximity to him. The drugs were found in the home which he had identified to his PPO as his residence. While one of the two other occupants claimed to have brought the drugs to the house, the other one acknowledged that the drugs belonged to the defendant.
Therefore, the state presented sufficient evidence from which a rational fact finder could determine that the defendant had constructive possession of the cocaine.
This assignment of error is without merit.

Qualification of Expert
The defendant argues that the trial court erred in allowing Officer Aaron Phillips to testify as to his opinion about whether the amount of cocaine recovered was consistent with an intent to distribute. The state argues that the trial court's determination as to Officer Phillips' expertise was within the sound discretion of the trial court or, in the alternative, allowing the testimony constituted harmless error.
It is well settled that intent to distribute may be inferred from the circumstances. Factors useful in determining whether the state's circumstantial evidence is sufficient to prove intent to distribute include: (1) whether the defendant ever distributed or attempted to distribute illegal drugs; (2) whether the drug was in a form usually associated with distribution; (3) whether the amount was such to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant's actual or constructive possession was inconsistent with personal use; and (5) the presence of other paraphernalia evidencing intent to distribute. State v. House, 325 So.2d 222 (La.1975).
LSA-C.E. art. 701 provides:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
This article permits a law enforcement officer to express an opinion regarding matters of personal knowledge gained through experience, even if the witness is not first qualified as an expert. State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir. 1992), writs denied, 617 So.2d 905 (La. 1993); State v. Morgan, XXXX-XXXX (La. App. 4th Cir.3/12/03), 842 So.2d 1126, writ denied, XXXX-XXXX (La.10/17/03), 855 So.2d 759. The trial court is vested with much discretion in determining which opinion testimony shall be received into evidence and whether it will be received as lay or expert testimony. Bozeman v. State Department of Transportation & Development, *467 34,430 (La.App. 2d Cir.4/4/01), 787 So.2d 357, writ denied, XXXX-XXXX (La.6/29/01), 794 So.2d 813.
Officer Phillips testified that, through his three years of experience as a PPO supervising nonviolent drug offenders and his previous encounters with drug activity, he could distinguish between the amount of drugs normally associated with personal use and that associated with distribution. Given that foundation, Officer Phillips testified that the amount of drugs found in the couch on which the defendant had been lying would not ordinarily be found on a user.
The Louisiana Supreme Court has clearly identified nonexpert testimony to the effect that the amount of drugs found in the defendant's actual or constructive possession was inconsistent with personal use as a valid consideration in the fact finder's determination of the intent to distribute. House, supra. LSA-C.E. art. 701 allows such nonexpert opinion testimony to be given by law enforcement officers so long as it is an opinion regarding matters of personal knowledge gained through experience and is helpful to a clear understanding of his testimony or the determination of a fact at issue. Lowery, supra.
Officer Phillips' testimony concerning his opinion was clearly based on personal knowledge he had acquired from his three years as a PPO. While the defendant argued that this would have been insufficient to qualify him as an expert, we note that he was never tendered as such. Furthermore, his testimony concerning the amount of cocaine and its intended use was relevant to the determination of a fact at issue in the prosecution. Accordingly, the admission of Officer Phillips' testimony to this effect was not an abuse of the trial court's discretion in determining whether to allow opinion testimony from a lay witness.[3]
The trier of fact's finding of the defendant's specific intent to distribute the cocaine is sufficiently supported by other circumstantial evidence. Through the expert testimony of a crime lab analyst, the state proved that the amount of powder cocaine was in excess of 50 grams and the amount of crack cocaine was in excess of 20 grams.[4] Additionally, the state's evidence indicated both the absence of any paraphernalia associated with the smoking of crack cocaine, and the presence of digital scales which witnesses testified are associated with the intended sale of cocaine.
Even in the absence of Officer Phillips' testimony, the evidence, viewed in the light most favorable to the prosecution, was sufficient for the jury to have concluded that the element of intent to distribute was proved beyond a reasonable doubt, making any alleged error in the admission of Officer Phillips' testimony harmless.
This assignment of error has no merit.

*468 Excessive Sentence

The defendant argues that his sentence should be vacated and the matter remanded for resentencing because the trial court failed to comply with the requirements of LSA-C.Cr.P. art. 894.1. The state, however, contends that the trial court sufficiently complied with LSA-C.Cr.P. art. 894.1. The state further maintains that in light of the defendant's status as a third felony offender, his poor history of employment, history of drug use, and the seriousness of his crime committed while on probation, the sentence imposed was not constitutionally excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La.12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App. 2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, *469 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Cook, supra.
During the defendant's sentencing hearing, the trial court noted that it had received and reviewed the presentence investigation (PSI) report. It noted that the defendant was a third felony offender with two prior convictions for possession of cocaine in the seven years preceding his arrest for the current conviction. The court also observed that the present crime was committed while the defendant was on supervised probation regarding one of his earlier convictions. In determining the defendant's sentence, the trial court indicated that it considered the defendant's poor employment history and history of drug use. In reviewing these factors in light of LSA-C.Cr.P. art. 894.1, the trial court stated that it believed there was a great risk that the defendant would commit additional drug offenses.
In denying the defendant's motion to reconsider, the trial court indicated its belief that the defendant was in need of a correctional environment and that any lesser sentence would deprecate the seriousness of the offense. The court emphasized that, at the defendant's young age, he already had a substantial criminal history and that the nature of his crimes is harmful not only to himself but to the community.
While the defendant contends that the trial court failed to give due weight to the mitigating factor regarding the hardship on his family, this claim cannot be substantiated on the record before us. Despite being afforded the opportunity on both the occasion of his sentencing and its reconsideration, the defendant declined to put on any evidence to this effect. The existence of his children and the alleged financial hardship his incarceration would present them is only a valid consideration if the defendant had shown his incarceration would deprive them of support he had previously been providing. The defendant offered no such evidence, and the PSI report is devoid of any information which would support the same.
Considering the defendant's criminal history and the fact that this is his third felony offense, the trial court did not abuse its discretion in sentencing the defendant to 25 years at hard labor. The record does not indicate a lack of compliance with LSA-C.Cr.P. art. 894.1. The court considered the defendant's criminal history, as well as his continued drug-related conduct, even while on probation for a similar offense. Review of the record reveals that by the time of the present offense, the defendant, who was then barely 25 years old, had amassed a significant criminal history which was almost exclusively drug-related. (Furthermore, at the time the defendant was sentenced, he had two pending drug felonies.) The court also considered the defendant's drug use and lack of steady employment. This court's role is not to determine whether another sentence would be more appropriate, but to determine whether the trial court abused its discretion. In considering this defendant and the charged offense, this sentence does not constitute a needless infliction of pain and suffering, nor does this sentence shock the sense of justice.
This assignment of error is meritless.

ERRORS PATENT
We have examined the record and note the presence of two errors patent. First, the sentence imposed in this case is illegally lenient. The sentencing provision of the statute of conviction, LSA-R.S. 40:967(B)(4)(b), provides that a person convicted thereof shall be sentenced to a term *470 of imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The trial court failed to direct that the first two years of the sentence be served without benefit. This failure will be corrected automatically by operation of LSA-R.S. 15:301.1.
Additionally, the trial judge improperly imposed jail time contingent upon the payment of the fine and court costs. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Kerrigan, 27,486 (La.App. 2d Cir.4/3/96), 671 So.2d 1242. A defendant's indigence in such a situation may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Conway, 604 So.2d 205 (La.App. 2d Cir.1992). In this case, the record shows that the defendant is indigent. He was represented at trial and on appeal by the indigent defenders' office, which filed a certificate of indigency on his behalf. Therefore, we vacate the portion of the sentence imposing jail time in default of payment of the fine and costs.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction. We amend the sentence to vacate the portion which imposes jail time in default of payment of the $1,000 fine and fees, and affirm the sentence as amended.
CONVICTION AFFIRMED. SENTENCE AMENDED; SENTENCE AFFIRMED AS AMENDED.
GASKINS, J., concurring in part and dissenting in part, with reasons.
GASKINS, J., concurring in part and dissenting in part.
I concur in the affirmation of the conviction; however, I respectfully dissent from the portion of the majority's opinion that, without further inquiry or request by the defendant, dismisses any default time (jail time in lieu of the payment of a fine) of any incarcerated defendant who is represented by the indigent defender's office. Dismissing the default time of only defendants represented by an indigent defender appears to be disparate treatment from those who are not so represented. Further, the determination that the defendant qualified for an indigent defender took place about two years before this opinion. This court does not know if the fine has already been paid. We also do not know the current financial condition of the defendant.
When a trial judge imposes a jail sentence and fine, with default time, the judge is considering all aspects of the sentence to determine a proper sentence. A trial judge, therefore, may adjust one aspect based on the imposition of the other. If the trial judge knew that the default time would be wiped out, peremptorily and without complaint, then the judge might have sentenced differently.
After imposition of sentence, the trial court is the one in the best position to determine the handling of default time. The trial court is able to consider any requests by the defendant, and make inquiries, as needed. If, for example, the defendant is paroled, payment of the fine may be set up on an affordable plan or schedule. Or, if the defendant is found by the trial court to still be indigent and no alternative to paying the fine is appropriate, then the trial judge may dismiss the default time, as mandated by law.
NOTES
[1] Two of the bags contained powder cocaine and weighed a total of 58.24 grams. The third bag contained crack cocaine and weighed 24.13 grams.
[2] Officer Wyles testified that he had made contact with the defendant at that residence about two weeks before his arrest on the instant charge.
[3] Although the defendant asserts that his conviction must be reversed because the state relied upon Officer Phillips' testimony to prove his intent to distribute, this argument ignores the testimony of Officer Michael LaCroix, another PPO who participated in the search of the defendant's home. During his 11 years as a PPO, Officer LaCroix served on a narcotics task force for three years and received specialized training in narcotics activity at the DEA Academy at Quantico. He testified, without objection, on the same matters as Officer Phillips, but in greater detail. He explained how the scales, measuring cups, and hot plate are used to turn powder cocaine into rock cocaine for sale.
[4] In State v. Griffin, XXXX-XXXX (La.App. 1st Cir.2/8/08), 984 So.2d 97, an amount of crack cocaine weighing about 26 grams was described as "large" and was found to be inconsistent with personal use.