938 So.2d 1188 (2006)
STATE of Louisiana, Appellee,
v.
Donald W. NUGENT, Appellant.
No. 41,070-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
Rehearing Denied September 21, 2006.
*1189 Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for Appellant.
Jerry Jones, District Attorney, George D. Ross, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
GASKINS, J.
The defendant, Donald W. Nugent, was originally charged with unauthorized use of a movable, malfeasance in office, and public bribery. The defendant pled guilty to unauthorized use of a movable in exchange for the state's agreement to dismiss the other charges. The trial court imposed a sentence of imprisonment for one year, with the first six months to be served without suspension of sentence, the remainder of the sentence to be suspended, and a $3,500 fine with 180 days in default of payment. The defendant was also placed on supervised probation for one year.
The defendant appeals. We affirm.

FACTS
Between January 1, 1996 and December 31, 2002, the defendant was employed as fire chief for the Ouachita Parish Fire Department. During this time, the defendant made false claims for travel expenses and reimbursements relating to out-of-town meetings. After the Office of Legislative Auditor received information of possible improprieties, the auditor performed an investigative audit. The audit revealed that there was approximately $8,464 in false claims. Upon receipt of the audit, the Ouachita Parish Sheriff's Office initiated an independent investigation. The defendant, along with four other individuals, was subsequently indicted.
Following his guilty plea and sentencing, the defendant filed a motion to reconsider sentence. The trial court denied the motion.

DISCUSSION
On appeal, the defendant contends that the sentence is excessive and that the trial court erred in denying his motion to reconsider sentence. He argues principally that his sentence is disproportionate to *1190 the suspended sentences received in the four other prosecutions arising from the same investigations.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, supra; State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982); State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied, XXXX-XXXX (La.11/6/98), 727 So.2d 444.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385. The record here shows more than adequate compliance with the statutory considerations.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
During the sentencing hearing, the court addressed the defendant's contention that he should not be required to serve any active jail time because it would not be proportionate to the other defendants' suspended sentences. The court stated that it is not bound by those cases. Distinguishing between those cases and the present case, the court noted that the other persons had agreed pleas and sentences. The court also noted that those were persons of lower rank.
Prior to imposing the sentence, the court discussed several factors, which were listed in the presentence investigation report. The defendant was 49 years old at the time of sentencing. As to the defendant's criminal history, the court noted *1191 that the defendant had no prior convictions.
Responding to the sentencing guidelines, the court observed that this conduct took place over a number of years. The court also stated that the offense involved the loss of funds until reimbursement was made to the government. The court noted that the defendant had been indicted for other charges, which were dismissed pursuant to this plea. The court explained that jail time may be used as punishment and to deter others who are in a public office or positions from abusing their positions or violating public trust. As mitigating factors, the court found that the defendant's actions are inconsistent with his background and history. The court expressed that, as fire chief, the defendant did an outstanding job in reducing insurance premiums and providing a more professional fire force. The court specified that, when questioned about being paid twice for travel expenses, the defendant refunded the overpaid amount to the legislative auditor. The court also took into consideration the defendant's letter, as well as numerous letters from his relatives and friends.
Unauthorized use of a movable having a value in excess of $1,000 carries a penalty of imprisonment, with or without hard labor, for not more than five years, a fine of not more than $5,000, or both. The trial court imposed a sentence of imprisonment for one year with the first six months to be served without suspension of sentence, the remainder of the sentence to be suspended, supervised probation for one year, and a $3,500 fine with 180 days in default of payment.
On this record, we do not find constitutional error. The sentence is lawful and less than one-fourth of the maximum sentence for a person who committed unauthorized use of a movable having a value in excess of $1,000. Additionally, the defendant received substantial benefits as a result of the plea bargain agreement. Because the sentence was tailored to fit the defendant and offense, the court did not err in denying the defendant's motion to reconsider sentence. We do not find that the sentence is grossly disproportionate to the severity of the offense nor does it shock our sense of justice.

CONCLUSION
The defendant's sentence is affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, DREW and LOLLEY, JJ.
Rehearing denied.