967 So.2d 548 (2007)
STATE of Louisiana, Appellee
v.
Catina Renee SMITH, Appellant.
No. 42,466-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2007.
*549 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Lane Pittard, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART, and LOLLEY, JJ.
BROWN, C.J.
Defendant, Catina Renee Smith, originally charged with bank fraud, pled guilty to attempted bank fraud with an agreement that she would not be charged as a multiple offender. She was sentenced to two and one-half years at hard labor. A timely pro se motion to reconsider was denied, as well as a similar motion filed by defense counsel. Defendant has appealed her sentence as excessive. Finding no error, however, we affirm.

Facts
After his checkbook was stolen, David Culligan closed his checking account with Hibernia National Bank. Thereafter, Bossier Federal Credit Union ("BFCU") cashed checks on the Hibernia account resulting in a loss of $2,350.
There is practically no information in this record to show the extent of defendant's involvement with this offense. The prosecutor simply restated the statute in his recitation of facts, and the trial court offered nothing further. The PSI provides the only information and states that a Bossier City Detective interviewed Barbara Taylor, who had endorsed two of the checks. Taylor stated that she obtained the checks from Demetrius Johnson. One of the checks, in the amount of $475, was endorsed by Taylor and also endorsed by defendant, Catina Smith. Defendant's fingerprint was found on this check. Defendant claimed that she had nothing to do with the checks in question.
Defendant was arrested and charged with bank fraud. She entered a guilty plea to attempted bank fraud in exchange for the state's agreement not to file a habitual offender bill of information. The trial court sentenced defendant to two and one-half years at hard labor. On appeal, defendant asserts that the imposed sentence is excessive.

Discussion
La. R.S. 14:71.1 provides:
(A) Whoever knowingly executes, or attempts to execute, a scheme or artifice to do any of the following shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than ten years, or may be fined not more than one hundred thousand dollars, or both:
(1) To defraud a financial institution.
(2) To obtain any of the monies, funds, credits, assets, securities, or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, practices, transactions, representations, or promises. (Emphasis added).
In pleading to an attempt to execute a scheme to defraud the BFCU, defendant in actuality pled guilty to bank fraud with an agreement to a cap of one-half of the maximum sentence.
*550 The trial court emphasized that defendant's prior convictions for possession of cocaine, possession of marijuana, and aggravated battery were considered in determining the appropriate sentence. Additionally, the trial judge noted the benefit that defendant received by the reduction in sentencing exposure. The court did not address other factors as set forth in La. C. Cr. P. art. 894.1(C).
Defendant argues that because others allegedly involved in this offense received probated terms, her sentence is excessive. We note that there is nothing in this record concerning these other people. Defendant was the only offender listed on the bill of information. There is no requirement, however, that co-defendants be treated equally by a sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Nugent, 41,070 (La.App. 2d Cir.08/23/06), 938 So.2d 1188; State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). A reviewing court may consider disparity of sentences between co-defendants when there is no reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982); State v. Nugent, supra. Again, there is no information concerning this alleged disparity in this record.
After considering defendant's criminal history, the fact that the offense was committed while defendant was already serving a probated sentence, and the benefit that defendant received as a result of the plea agreement, there is no showing that the trial judge erred in imposing this two and one-half year sentence, which is only one-fourth of the sentence that could have been imposed under La. R.S. 14:71.1 and less than the agreed-to cap. This lower-range sentence for defendant, who is in actuality a third felony offender, is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. See State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980).

Conclusion
For the reasons set forth above, defendant's sentence is AFFIRMED.