979 So.2d 630 (2008)
STATE of Louisiana, Appellee
v.
Terance Antione ROBBINS, Appellant.
Nos. 43,129-KA, 43,130-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*634 W. Jarred Franklin, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before CARAWAY, PEATROSS and LOLLEY, JJ.
CARAWAY, J.
After a bench trial, Terance Antione Robbins was convicted of possession of marijuana with intent to distribute and conspiracy to distribute marijuana, violations of La. R.S. 40:966 and La. R.S. 40:979. For the possession with intent to distribute conviction, Robbins received a sentence of 20 years at hard labor and a $10,000 fine or an additional 180 days in prison for failure to pay the fine. For the conspiracy conviction, Robbins was sentenced to 15 years at hard labor and a $1,000 fine or an additional 90 days in prison for failure to pay the fine. The sentences were ordered to run concurrently. Robbins appeals his conviction and sentence. We affirm the convictions, vacate the imposed sentences and remand.

Facts
On April 3, 2005, Louisiana State Trooper James Nash stopped the vehicle driven by Terance Robbins in Bossier City (milepost 26) for traveling in the left lane of the interstate for two miles, in violation of La. R.S. 32:71. Upon approaching the driver, Trooper Nash learned he did not have a driver's license. Robbins also identified himself as Antione Brian Carson. Trooper Nash spoke with the passenger of the vehicle who identified himself as Jamaar Shaw. Shaw identified the driver as Antione Carson and told the officer the car belonged to his girlfriend.
The driver and passenger gave inconsistent statements regarding their relationship to one another. Shaw indicated the two had known each other since they were children. Robbins stated he knew Shaw for six months but did not know his last name, although Shaw was his brother-in-law. At trial, the two testified that Shaw was in fact married to Robbins' cousin. Shaw testified he only knew Robbins by his first name, "T" or Antione, at the time of their arrest because he had recently met him through his wife. Robbins testified Shaw was his cousin's husband whom he would see "from time to time" and that the two "speak."
The two also gave inconsistent information to the officer regarding their travels. While both agreed they were coming *635 through Louisiana from Texas, each initially gave different versions of how long they had been in Texas. They eventually agreed upon a two to three day stay in Texas. Neither packed any clothes for the trip. Nevertheless, at trial, Shaw testified that after fourteen hours of driving from Florida to Texas, he dropped Robbins off at a friend's home. Shaw then spent ten minutes at a local air force base, unsuccessfully tried to visit his father, purchased the drugs and returned to the friend's house where he played games for a few hours before the two headed back to Florida. At the time of their arrest, the two also stated that the reason for the trip was for Shaw to visit family and friends.
As Trooper Nash spoke with Shaw, he smelled the odor of marijuana emitting from him. Shaw readily admitted he smoked marijuana on the trip. Trooper Nash became suspicious and asked Robbins for permission to search the vehicle. Robbins agreed. When presented with the consent form, Robbins first signed "Terrance R" but scratched it out and wrote Antione Carson on the signature line. A search of the trunk revealed nine pounds of marijuana inside of a plastic trash bag containing a sheet of fabric softener. The trash bag was hidden under a pile of clothes. Both Robbins and Shaw denied ownership of the clothes which Shaw testified were in the car when he left Florida. No other money, scales, weapons, or other paraphernalia were found during the search. Both Robbins and Shaw were placed under arrest. Criminal lab tests later confirmed the item seized from the trunk as marijuana.
Trooper Nash transported Robbins and Shaw to the Louisiana State Police headquarters where Trooper O.H. Haynes interviewed Robbins and had him fill out a waiver of rights form. Robbins first initialed the form with a "T," but changed it to an "A." Trooper Haynes informed Robbins that he would be booked as "John Doe" and would not be able to bond out if he was not truthful about his identity. It was then that the officer learned Robbins' real name. During his interrogation, Robbins admitted smoking marijuana "earlier." The state's case did not show whether he smoked the marijuana during his visit with Shaw's family members or at some point in the vehicle during the return trip. In his statement, Robbins also admitted that they obtained marijuana from Shaw's cousins in Texas but denied knowing specifically about the nine pounds of marijuana in the trunk.
Shaw initially told the officers he had no knowledge of the marijuana in the trunk of the car. At trial, he admitted he had gone to Texas to purchase marijuana and to have a military physical. Shaw testified he paid $2,500 for the nine pounds of marijuana which he intended for personal use. Shaw insisted he never told Robbins about his plan to purchase marijuana. At trial, Robbins testified he also knew about Shaw's plans to have a physical examination.
Robbins was tried on charges of possession of marijuana with intent to distribute and conspiracy to distribute marijuana. Prior to trial, Robbins waived his right to a jury trial and elected a trial by judge alone. At trial, expert testimony of the state established that the amount of marijuana found in the vehicle had a street value of $21,160 and was consistent with packaging for resale and not for personal use. That evidence also showed that fabric softener is used to conceal odor.
For his part in the offense, Shaw pled guilty to possession of marijuana with intent to distribute and received a suspended seven-year sentence with five years probation. The state dismissed the conspiracy charge against Shaw. Shaw testified he *636 had a criminal record which included a grand theft auto conviction and a misdemeanor battery. Shaw also testified that after his arrest he made efforts to let law enforcement know Robbins had no knowledge of the marijuana by executing an affidavit attesting to Robbins' innocence.
At trial, Robbins explained he gave Trooper Nash the wrong name because he was subject to an outstanding warrant for a probation violation in Florida dealing with several charges of driving without a license. Robbins also admitted to a conviction for felony battery, several convictions for driving with a suspended license, one conviction for giving false identification to a law enforcement officer and failure to appear. He admitted he also had a juvenile adjudication for possession of cocaine. He denied knowing about the marijuana in the trunk of the car or smoking marijuana that day.
After considering the evidence presented by the state and defense, the trial court found Robbins guilty of the offenses. After timely motions for new trial, post verdict judgment of acquittal and reconsideration of sentence were denied by the trial court, this appeal ensued.

Discussion
Robbins argues that the evidence was insufficient to support his conviction for possession of marijuana with intent to distribute because there was no evidence he had knowledge of the marijuana inside the trunk of the car. He also contends the evidence did not support his conviction for conspiracy to distribute marijuana because there was no evidence of an agreement between the two. Alternatively, Robbins requests the charge of possession of marijuana with intent to distribute be reduced to simple possession of marijuana because there was no evidence that he had any intention of distributing it.
The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, reviewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra. In the absence of internal contradictions or irreconcilable conflict with physical evidence, the testimony of one witness is sufficient support for a requisite factual conclusion if that witness is believed by the trier of fact. State v. Jones, 31,613 (La.App. 2d Cir.4/1/99), 733 So.2d 127, writ denied, 99-1185 (La.10/1/99), 748 So.2d 434; State v. Ford, 28,724 (La.App. 2d Cir.10/30/96), 682 So.2d 847, writ denied, 99-0210 (La.5/14/99), 745 So.2d 12.
This standard, now legislatively embodied in La.C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. Where there is conflicting testimony about factual matters, the resolution of which depends upon *637 a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. State v. Allen, 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, Allen v. Louisiana, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004). A reviewing court accords great deference to a trier of fact's decision to accept or reject the testimony of a witness in whole or in part. State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/5/03), 852 So.2d 1020.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Owens, 30,903 (La. App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Barakat, 38,419 (La.App. 2d Cir.6/23/04), 877 So.2d 223. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Barakat, supra. A conviction based upon circumstantial evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
A person commits the crime of possession of marijuana with intent to distribute if he knowingly or intentionally possesses marijuana with the intent to distribute it. La. R.S. 40:966(A)(1). The state must prove that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute. State v. Taylor, 39,651 (La. App. 2d Cir.4/6/05), 900 So.2d 212; State v. Johnson, 34,902 (La.App. 2d Cir.9/26/01), 796 So.2d 201, writ denied, 03-2631 (La.11/8/04), 885 So.2d 1124; State v. Marshall, 02-1067 (La.App. 5th Cir.2/25/03), 841 So.2d 881, writ denied, 03-0909 (La.9/26/03), 854 So.2d 345. It is not necessary for the state to prove that the defendant was in actual possession of the contraband; rather, proof of constructive possession is sufficient. Constructive possession is shown when the state proves that the contraband was within the defendant's dominion and control and that the defendant had knowledge of its presence. State v. Toups, 01-1875 (La.10/15/02), 833 So.2d 910; State v. Taylor, supra; State v. Holland, 37,922 (La.App. 2d Cir.12/10/03), 862 So.2d 448.
The mere presence of a person in the place where contraband is found or the mere association with another person possessing contraband is not sufficient to prove constructive possession. State v. Harris, 94-0970 (La.12/8/94), 647 So.2d 337; State v. Brown, 42,188 (La.App. 2d Cir.9/26/07), 966 So.2d 727. Guilty knowledge is an essential element of a possession charge, and such knowledge may be inferred from the circumstances. State v. Toups, supra; State v. Taylor, supra. A determination of whether the defendant was in possession depends on the "peculiar facts" of each case, which may include the following: (1) the defendant's knowledge that the contraband is in an area; (2) his relationship with the person found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug use; and (5) the defendant's physical proximity to the contraband. State v. Taylor, supra. Further, a defendant may have constructive possession if he willfully and knowingly *638 shares the right to control the contraband with another. Id.
Criminal conspiracy is defined by La. R.S. 14:26(A) as follows:
A. Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing a crime; provided that an agreement or combination to commit a crime shall not amount to criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
Thus, in a conspiracy, the foundation of the offense is the combination of at least two minds for an unlawful purpose and a corrupt agreement imparting guilty knowledge on the part of each. State v. Mitchell, 37,916 (La.App. 2d Cir.3/3/04), 869 So.2d 276, writ denied, 04-0797 (La.9/24/04), 882 So.2d 1168, cert. denied, Mitchell v. Louisiana, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir. 1992), writs denied, 617 So.2d 905 (La. 1993). The clear purpose of the statute is to criminalize the conduct of two or more persons who intend a criminal act and as a result of intention  manifested as an agreement or combination  one of these does something in furtherance of the intended criminal act. State v. Mitchell, supra; State v. Joles, 485 So.2d 212 (La.App. 2d Cir. 1986). The elements of conspiracy may be proven by both direct or circumstantial evidence. State v. Lowery, supra; State v. Perez, 569 So.2d 609 (La.App. 2d Cir.1990), writ denied, 575 So.2d 365 (La. 1991).
Specific intent may be inferred from the circumstances surrounding the transactions and the actions of the defendant. State v. Draughn, 05-1825 (La.1/17/07), 950 So.2d 583, cert. denied, Draughn v. Louisiana, ___ U.S. ___, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007); State v. Brown, supra; Specific intent may be established solely by circumstantial evidence if every reasonable hypothesis of innocence is excluded. Id.
When the specific intent to distribute a controlled dangerous substance is based on circumstantial evidence, the state must prove the amount of the substance, and/or the manner in which it was carried was inconsistent with personal use. Intent to distribute illegal drugs may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inferences of intent to distribute. State v. Brown, supra.
The test for determining whether intent to distribute exists includes five factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by the defendant; (3) a large amount or quantity of the drug such as to create an inference of intent to distribute; (4) expert or other testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as Baggies or scales, evidencing an intent to distribute. Testimony of street value and dosage of a drug is also relevant to the issue of intent. Id.
Mere possession of contraband does not amount to evidence of intent to distribute "unless the quantity is so large that no other inference is possible." State v. Hearold, supra; State v. Greenway, 422 So.2d 1146 (La.1982).
The large quantity of marijuana in this case was not in the actual physical possession of either occupant of the car. The constructive possession of the marijuana by either or both occupants required proof by circumstantial evidence related to their proximity to the drug. The trunk of *639 the car was equally accessible by both occupants of the vehicle as they embarked on an admitted cross-country trip from Texas to Florida. Thus, their shared dominion and control over the vehicle and its trunk can be inferred from the circumstances. The marijuana was not hidden in any manner to raise a strong inference that one party may have had the complete control over the drug to the exclusion of the other. Therefore, excluding Shaw's later claim of his sole possession of the drug (a claim which the trial court could ignore from a credibility determination), there was a very strong inference that the marijuana was within the joint control of the occupants of the vehicle, leading to the question of Robbins' guilty knowledge.
There are various facts demonstrating the parties' joint guilty knowledge. First, there was smoking of marijuana during the trip within a relatively short time before the traffic stop. Shaw smelled of marijuana. Although at trial Robbins denied smoking during the trip, at the time of his arrest he admitted smoking marijuana to Trooper Haynes. Circumstantially, Shaw's use of marijuana in the vehicle before the arrest also shows Robbins' direct involvement with the drug. Thus, the trial court could reasonably conclude from these circumstances that Robbins had knowledge of the presence of marijuana during the time of the transportation of the drug in the trunk of the car. Next, both Robbins and Shaw denied upon arrest any knowledge of the marijuana in the trunk, both lied about Robbins' real name,[1] and both gave inconsistent details about their trip and relationship. It is certainly not reasonable to conclude that neither man on their long common journey knew about the existence of the marijuana in the trunk. Therefore, when they both fabricated explanations attempting to exclude themselves from any connection to the contraband, these untruthful statements imply guilty knowledge of both parties.
Regarding Shaw's later claim to the marijuana, his trial testimony occurred after his conviction. His contrasting earlier denial of knowledge of the marijuana presented a credibility issue for the trial court. From the facts established by the direct evidence and inferred from the circumstantial evidence presented by the state, the trial court could have reasonably rejected Shaw's claim that Robbins knew nothing of the marijuana.
Likewise, these facts are sufficient to establish that Robbins committed conspiracy to distribute marijuana. As discussed above, from the acts of the defendants in giving identical wrong names for Robbins, denying ownership of the marijuana and in stating inconsistent stories to legitimize their trip to Texas, the trial court could have reasonably inferred that the two were seeking to conceal their concerted actions and were in agreement for the specific purpose of distributing marijuana.
Finally, Robbins contests his intent to distribute the marijuana. Because defendant was the driver of a car that had more than nine pounds of marijuana in the trunk of the car, which experts testified was not consistent with personal use, the factfinder may have reasonably inferred from the evidence that Robbins possessed the requisite intent to distribute the marijuana. See State v. Greenway, supra; State v. Brown, supra.
Robbins next argues that the record is devoid of any notice given to him pursuant to La. R.S. 15:499, et seq., of the state's *640 intent to present the certificate of analysis regarding the criminalistics laboratory testing of the marijuana. Defendant argues that this failure to give notice deprived him of the opportunity to cross-examine on the key issue of the weight of the marijuana seized.
During the testimony of Trooper Haynes, the state offered the certificate of analysis as State's Exhibit 6 in order to prove that the material seized was marijuana. It is signed by Jimmy D. Barnhill, System Director of the Northwest Louisiana Criminalistics Laboratory. Robbins objected with the following exchange:
MS. JACKSON: Your Honor, I'm going to object at this time to the introduction of the lab as based on testimony of this particular trooper. He did not prepare that lab report. I know that he signed off on that lab report, however, if the State want [sic] to introduce it again at later and have someone from the lab  or introduce it in proper form, but this is not the appropriate witness to introduce that lab report at this time.
MR. LAWRENCE: This is proof by statute. The ten day letter and the statute gives the State the right to present this by  by statute giving the defense the right to call any witnesses they wish in this matter. So with or without Mr. Haynes this document would be self-proved.
MS. JACKSON: Which is exactly what I said, Your Honor, that the document  I did not object to the document as being authentic in any way. I just said that this witness wasn't the appropriate witness to attest to the validity nor the authenticity of the document. I'm not objecting to the document. I'm just objecting to it being presented as State's evidence in connection with this witness' testimony.
The trial court allowed the certificate to be admitted, finding that it would be admissible under the statutes.
The statutes regarding evidence from criminalistics laboratories, as set forth in La. R.S. 15:499 through 15:501, provide for the introduction of evidence regarding the proof of examination and analysis performed by criminalistics laboratories through a certificate prepared by the person in charge of the facility where the examination was performed. State v. Cunningham, 04-2200 (La.6/13/05), 903 So.2d 1110. If the certificate contains the required statutory information, it may be prima facie proof of the facts contained therein unless the defendant subpoenas the preparer of the certificate. La. R.S. 15:500; State v. Cunningham, supra. Pursuant to La. R.S. 15:501, notice must be given by the party seeking to introduce the certificate so that the other party has an opportunity to subpoena the person who conducted the examination or analysis.[2]
*641 Although there is nothing in the record to indicate whether such notice was given to defendant in regard to State's Exhibit 6, Robbins did not object to any lack of notice at trial. Rather, he objected to the state presenting the crime lab certificate as hearsay which is effectively overcome by the statutory process. The failure to make a contemporaneous objection pursuant to La.C.Cr.P. art. 841 regarding any lack of notice precludes appellate review of this issue. State v. Brown, supra; State v. McGuffie, 42,069 (La.App. 2d Cir.8/1/07), 962 So.2d 1111, writ denied, 976 So.2d 1283 (La.2/22/08).
Accordingly, this assignment is without merit.
Robbins also complains about the imposed sentences. He contends that the trial court failed to consider the sentencing factors contained in La.C.Cr.P. art. 894.1 and that his sentence is excessive in comparison to his co-defendant, who claimed sole responsibility for the marijuana and was sentenced to a suspended 7-year sentence with 5 years probation for the crime of possession of marijuana with intent to distribute.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/01/00), 754 So.2d 392, writ denied, 00-1467 (La.2/02/01), 783 So.2d 385. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La. 1981). A trial judge is in the best position *642 to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, Cook v. Louisiana, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). While the judge is given wide discretion to impose a sentence within the statutory limits, the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, supra.
The sentencing range for possession of marijuana with intent to distribute is "imprisonment at hard labor for not less than five nor more than thirty years." La. R.S. 40:966(B)(3). The sentencing range for conspiracy to distribute marijuana is imprisonment at hard labor for no more than 15 years. La. R.S. 40:966(B)(3); La. R.S. 40:979(A).
There is no requirement that co-defendants be treated equally by a sentencing judge. State v. Smith, 42,466 (La. App. 2d Cir.9/26/07), 967 So.2d 548; State v. Nugent, 41,070 (La.App. 2d Cir.8/23/06), 938 So.2d 1188, writ denied, 06-2543 (La.5/4/07), 956 So.2d 606. Even so, a reviewing court may consider disparity of sentences between co-defendants when there is no reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982); State v. Smith, supra; State v. Nugent, supra.
A defendant's juvenile history is an appropriate sentencing consideration. See State v. Knox, 446 So.2d 1211 (La. 1984); State v. Freelon, 26,938 (La.App. 2d Cir.5/10/95), 655 So.2d 687.
In this case, the record evidence reveals that Shaw pled guilty to possession of marijuana with intent to distribute and received a suspended 7-year sentence with 5 years of probation and the state dismissed the conspiracy charge arising out the same facts as Robbins' prosecution. Shaw testified that he had a criminal record that included convictions for grand theft auto and a misdemeanor battery. In contrast, Robbins received a 20-year hard labor sentence for his possession with intent to distribute marijuana conviction and the maximum sentence of 15 years at hard labor on the conspiracy to distribute marijuana conviction. At trial, Robbins admitted to felony convictions for battery of a law enforcement officer and habitual driving with a suspended license. He also admitted to a juvenile conviction for possession of cocaine. Robbins' presentence investigation report ("PSI") confirmed his status as a third felony offender and recommended trial court consideration of Robbins' juvenile record.[3]
Regarding the sentencing ruling, it is not clear that Shaw's prior sentence was a consideration of the trial court at the time of the initial sentencing hearing. While Shaw had revealed his sentence in his testimony during Robbins' trial, Shaw's sentence was not re-emphasized to the trial judge during Robbins' sentencing hearing. The district judge who sentenced *643 Shaw could have been a different judge. In sentencing Robbins, the trial court did not mention the Shaw sentence so as to give any justification for the disparity between the sentences. Robbins' motion to reconsider sentence which belatedly raised the co-conspirator's sentence was summarily denied by the trial court.
Prior to imposing sentence, the court indicated that it considered the sentencing factors enunciated in La.C.Cr.P. art. 894.1 in addition to letters sent to the court by Robbins, his mother and an aunt. The court also offered Robbins the opportunity to speak which he declined and noted its consideration of the amount of marijuana involved. Thereafter, the court summarily imposed the two sentences.
As reviewed above, both occupants of the vehicle possessed equal culpability in planning, executing and possessing the marijuana seized from the vehicle. Likewise the two occupants' criminal records are similar with the exception of Robbins' juvenile drug conviction. Both possess felony convictions which were unrelated to drug activity. Robbins' additional felony conviction resulted from his habitual driving with a suspended license. For that conviction he received a two-year suspended sentence. Otherwise, Robbins' criminal record included two misdemeanor convictions for presenting false identification to a law enforcement officer. With both men convicted of the crime of possession with intent to distribute marijuana, the disparity in the two occupants' sentences is compelling. Moreover, although Robbins technically qualifies as a third felony offender as an adult, one of his previous felony convictions concerned driving offenses.
Considering the lack of a reasonable basis for the great disparity in the sentences imposed upon Shaw and Robbins as well as Robbins' background, we find the imposed sentences to be constitutionally excessive and grossly disproportionate to the severity of the offense. We therefore vacate Robbins' sentences for possession of marijuana with intent to distribute and conspiracy to distribute marijuana and remand for resentencing in accordance with this opinion.[4]

Conclusion
For the foregoing reasons, we affirm Robbins' convictions for possession of marijuana with intent to distribute and conspiracy to distribute marijuana. We vacate the imposed sentences and remand for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] The jurisprudence holds that giving a false name can be indicative of guilty knowledge. State v. Toups, supra; State v. Brown, supra.
[2] La. R.S. 15:501 reads as follows:

A. The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.
B. (1) The party against whom such certificate is offered shall be permitted to subpoena on cross-examination, the person who performed the examination or analysis of the evidence. If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.
(2) When the attorney for the defendant, or the defendant acting in his own defense, requests that a subpoena issue to the person who performed the examination or analysis, the request shall be in writing and shall contain a certification that the attorney or the defendant intends in good faith to conduct the cross-examination.
[3] The record shows that the state submitted to the court a Sentence Memorandum which listed Robbins' criminal history that included four juvenile drug related arrests and the one drug-related conviction described by Robbins. The court indicated that it had considered this document in imposing the sentence.
[4] Although we have vacated the imposed sentences, we note that an indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. State v. White, 39,681 (La.App. 2d Cir.5/11/05), 903 So.2d 580; State v. Mack, 30,832 (La.App. 2d Cir.6/24/98), 715 So.2d 126.