999 So.2d 160 (2008)
STATE of Louisiana, Appellee
v.
Kenneth Ray SMITH, Appellant.
No. 43,753-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*161 Bruce G. Whittaker, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Damon D. Kervin, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and LOLLEY, JJ.
*162 LOLLEY, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Kenneth Ray Smith was convicted by a jury for the Possession of a Schedule II Controlled Dangerous Substance (cocaine), a violation of La. R.S. 40:967(C). After being adjudicated a fourth felony offender, he was sentenced to life imprisonment at hard labor. Smith now appeals. For the following reasons, we affirm Smith's conviction and sentence.

FACTS
Officer C.M. Johnson of the Shreveport Police Department was on duty on June 15, 2006, canvassing a neighborhood for a suspect accused of purse snatching. While talking to an individual on the street, Off. Johnson noticed a man, Smith, riding a bicycle down the road who matched the description of the purse snatching suspect. The officer stopped Smith and noticed that he had an open knife in his hand. After Smith dropped the knife, Off. Johnson patted him down looking for any other weapons and felt a "rock" in Smith's shirt pocket. Using his flashlight, he looked over Smith's shoulder and saw what looked to be crack cocaine in the shirt pocket. Officer Johnson placed Smith under arrest and Mirandized him. A bill of information was filed charging Smith with Possession of a Schedule II Controlled Dangerous Substance (cocaine).
During his jury trial, Smith was removed from the courtroom for repeated profane outbursts during Off. Johnson's testimony. After the trial, Smith was found guilty as charged. The state subsequently filed a habitual offender bill of information. After being adjudicated a fourth felony offender, he was sentenced to life imprisonment at hard labor. Smith filed a motion for new trial, a motion for post verdict judgment of acquittal and/or to modify verdict, and a motion to reconsider sentence. The trial court denied all of his post-trial motions, and this appeal by Smith ensued.

DISCUSSION

Defendant's Removal from the Courtroom
In his first assignment of error, Smith argues that it was error to exclude him from the courtroom during critical portions of the trial that resulted in his receiving a sentence of imprisonment for life at hard labor. Specifically, Smith argues that despite his disruptive and offensive conduct, the trial court's measure of removing him without a prior warning was an abuse of the trial court's discretion and violated his constitutional rights and La. C. Cr. P. arts. 831 and 832. We disagree.
At Smith's trial, his attorney was in the process of questioning Off. Johnson regarding the lighting in the area of Smith's arrest. During the questioning Smith interjected, "So why would you need a flashlight ... ?" The record indicates that a discussion ensued between Smith and his attorney. His attorney continued the line of questioning, and Smith interrupted again, "Why you need a flashlight?" His attorney did not respond and continued with his questioning of Off. Johnson, asking about the flashlight he used to see the rock in Smith's pocket. At that point, Smith interrupted to say, "You wouldn't need it...." The trial court admonished Smith, instructing him to remain quiet and to speak to his attorney if he had a problem. After Smith's attorney resumed asking questions of Off. Johnson, Smith interrupted a fourth time, and the following exchange ensued:
SMITH: You're lying, man.
THE COURT: All right. Hold up.
Hold up. Hold up just a minute.
SMITH: The guy is lying. I swear to God he's lying.

*163 THE COURT: Excuse me. Go with the bailiff.
SMITH: I don't know why you're perjuring yourself
THE COURT: Excuse me, sir.
SMITH[1]:like that, man. You lying. That ain't the way it happened, Your Honor.
THE COURT: Out
SMITH: I swear to God that ain't the way it happened, man.
THE COURT: Mr. Bailiff, you're going to have to escort him out.
SMITH: You all know this guy is lying.
THE COURT: Out.
SMITH: That ain't the way it went down, man.
Smith was eventually taken down to a holding cell, because his outbursts could still be heard by those in the courtroom even after he was taken out and placed in a room nearby.
After the state rested, Smith's attorney was given an opportunity to speak with Smith to determine if he chose to testify, which he did not. The trial court asked that Smith be brought into the courtroom, outside the presence of the jury, to confirm that he chose not to testify. Smith was escorted into the courtroom and the following exchange took place:
SMITH: This s____ ain't right, man. I ain't no physical threat to nobody. I apologize to you, lady. Please forgive me for this, but this guy here, I don't even know this guy. I just met this guy yesterday, man. And this guy ain't so much as introduced himself to me, but he want to take me to trial and give me a f____ing death penalty, for no reason at all, man.
THE COURT: Mr. Smith.
SMITH: I ain't did nothing, Your Honor. What the hell all this? You all got murderers and rapists, man, you all should spend this time on, man.
THE COURT: I have something I need to ask you.
SMITH: You need to ask me?
THE COURT: Do you want to testify or not?
SMITH: No, I don't want to testify. That's what I asked him. That's what I've got this stupid-assed lawyer here to do.
THE COURT: Okay.
SMITH: That's what I got his stupid ass for, to do my goddamned talking. F____ that s____, man.
At that point Smith was taken back out of the courtroom. It is unclear whether Smith was present during the reading of the verdict. At the end of the proceedings, the trial court ordered him removed from the courtroom; however, on appeal, Smith claims he was absent for the rendering of the verdict.
Louisiana C. Cr. P. art. 831 states that a defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impaneling, and swearing of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times *164 when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.
Two exceptions to the above requirements are given in La. C. Cr. P. art. 832(A): (1) when the defendant "voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial"; or (2) "[a]fter being warned by the court that disruptive conduct will cause him to be removed from the courtroom, he persists in conduct which justifies his exclusion from the courtroom."
In Illinois v. Allen, 397 U.S. 337, 343-344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970), the U.S. Supreme Court discussed the proper handling of a disruptive defendant:
It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant...: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.
See also State v. Rochon, 393 So.2d 1224 (La.1981); State v. Addison, XXXX-XXXX (La.App. 5th Cir.03/30/04), 871 So.2d 536, writ denied, XXXX-XXXX (La.10/29/04), 885 So.2d 584.
The United States and Louisiana Supreme Courts have been unequivocal in their holdings that, while a criminal defendant has the right to be present during his trial, he does not have the right to use that presence as a means of preventing the continuation of his trial. Here, Smith was very disruptive and abusive in his language, refusing to follow the reasonable instructions of the trial court. It is clear that Smith's behavior justified his removal from the courtroom. Smith blurted out, in the jury's presence and during Off. Johnson's cross-examination, that he was lying. Whereas the trial court informed Smith prior to his removal that he needed to sit, be quiet and allow his attorney to do the questioning and speaking, Smith continued his disruptive behavior even after being admonished by the trial judge. Finally, considering that Smith had been removed before from the courtroom during a pretrial proceeding, he clearly understood the consequences of his actions. During that hearing, Smith had a much more disruptive incident and the trial court found him in contempt of court and had him removed from the courtroom.[2]
Whereas Smith suggests that he could have simply been removed from the courtroom and placed in an adjacent room so that he could be allowed to follow the remainder of the proceedings, the record reflects that Smith was removed to an adjacent room. However, his disruptive behavior could still be heard by those in *165 the courtroom. Thus, in this case, Smith left the trial court with no choice other than to move him to a holding cell away from the courtroom and out of earshot of all the rest involved in his trial. We conclude that this assignment is without merit.

Excessive Sentence
In his second assignment of error, Smith argues that the imposed life sentence is excessive, arguing that it is grossly disproportionate to the crime of possession of crack cocaine.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Robbins, 43,129 (La.App. 2d Cir.03/19/08), 979 So.2d 630. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.03/01/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La.05/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). While the judge is given wide discretion to impose a sentence within the statutory limits, the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La. 12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.04/09/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App. 2d Cir.01/26/05), 892 So.2d 710. On review, an appellate court *166 does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, supra.
Here, the record shows that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1 in tailoring this sentence to Smith. The trial court noted that Smith was a "chronic career criminal." Smith was an equal opportunity offenderhe had committed property crimes, violent crimes and drug crimes. Moreover, he showed no remorse for this particular crime nor took any responsibility. Although a life sentence is severe, Smith's sentence does not shock the sense of justice, considering his fourth felony offender adjudication. Therefore, we conclude that this assignment of error is without merit.

Error Patent
We observe that at sentencing the trial court did not properly advise Smith of the time period within which to apply for post-conviction relief. We now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Kenneth Ray Smith are affirmed.
AFFIRMED.
NOTES
[1] The transcript says THE WITNESS, but from the actual statement made, it seems that this was probably spoken by the defendant, and not Officer Johnson.
[2] Although that incident serves to show that Smith had a history of disruptive behavior in the courtroom and presumably understood the consequences of such action, we note that it occurred before a different trial judge.