LOLLEY, J.
|2This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, Eric Dejuan Baulkman (“Baulkman”), was convicted of possession with intent to distribute a Schedule I controlled dangerous substance, namely marijuana, a violation of La. R.S. 40:966(A)(1). He was adjudicated a second felony offender and sentenced to 25 years at hard labor without probation or suspension of sentence. This appeal ensued. For the following reasons, we affirm Baulkman’s conviction and sentence.
Facts
On July 21, 2008, Detective Robert Gordon of the Shreveport Police Department (“Detective Gordon”) received a tip from a confidential informant that Baulkman, a suspect in an aggravated battery case, was spotted at the 1600 block of Knox Street in Shreveport. Detective Gordon relayed this information to officers patrolling that area, specifically Officer Willie Mott (“Officer Mott”) and Officer Ronald Moore (“Officer Moore”), |sboth of the Shreveport Police Department. When the officers arrived at the scene they observed three men standing between two parked vehicles-a green Lincoln Town Car and a brown Chevrolet Caprice. Officer Moore recognized Baulkman as one of the three individuals, as he was familiar with Baulk-man from prior police work. The three men ran from the scene once the officers began to exit their vehicles. A chase ensued, but no one was apprehended. The officers returned to the parked vehicles. Through the windows of the Chevrolet Caprice the officers observed what appeared to be marijuana in clear plastic bags on the floor of the backseat, as well as a scale on the floor near the front passenger seat. The cars were impounded and an investigation followed.
Baulkman was arrested and charged. He pleaded not guilty and waived his right to a jury trial. A bench trial was held and Baulkman was found guilty of possession with intent to distribute a Schedule I controlled dangerous substance, marijuana, a violation of La. R.S. 40:966(A)(1). He was charged as a second felony offender and pleaded guilty to that classification. He was then sentenced to 25 years at hard labor without the benefit of probation or suspension of sentence. This appeal followed.
Law and Discussion
j4In this appeal, Baulkman asserts three assignments of error. First, he argues the evidence was insufficient to support his conviction. Second, he argues the evidence is circumstantial and does not exclude every other reasonable hypothesis of innocence. Third, he argues the state failed to prove “control,” and, therefore, failed to prove a required element of the offense. Because these assignments of error relate to the sufficiency of the evidence, we will discuss them together. The Jackson standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.02/22/06), 922 *452 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.01/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/06/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by ^viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.01/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/06/09), 21 So.3d 299. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Anderson, 36,969 (La.App.2d Cir.04/09/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
To be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. Constructive possession means having an object subject to one’s dominion and control, with knowledge of its presence, even though it is not in one’s physical possession. State v. White, 37,261 (La.App.2d Cir.06/25/03), 850 So.2d 987. A determination of whether there is “possession” sufficient to convict depends on the peculiar facts of each case. | ^Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include, but are not limited to, his knowledge that drugs were in that area, his access to the area where drugs were found, and his physical proximity to the drugs. State v. Toups, 2001-1875 (La.10/15/02), 833 So.2d 910. A defendant may have constructive possession if he willfully and knowingly shares the right to control the contraband with another. State v. Robbins, 43,129 (La.App.2d Cir.03/19/08), 979 So.2d 630; State v. Taylor, 39,651 (La.App.2d Cir.04/06/05), 900 So.2d 212.
Guilty knowledge is an essential element of a possession charge, and such knowledge may be inferred from the circumstances. Toups, supra; Robbins, supra. Flight and attempt to avoid apprehension are circumstances from which a trier of fact may infer a guilty conscience. State v. Durden, 36,842 (La.App.2d Cir.04/09/03), 842 So.2d 1244, writ denied, 2003-1350 (La.11/26/03, 860 So.2d 1131). 860 So.2d 1131.
Fingerprint evidence has been upheld as sufficient to sustain a conviction. State v. Lee, 39,969 (La.App.2d Cir.08/17/05), 909 So.2d 672, writ denied, 2006-0247 (La.09/01/06), 936 So.2d 195.
Possession with intent to distribute is defined in La. R.S. 40:966(A)(1), which provides:
|7A. Manufacture; distribution. Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:
*453 (1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I.
After viewing the totality of the evidence, a rational trier of fact could have concluded beyond a reasonable doubt that the evidence presented by the state was sufficient to find the defendant guilty of possession with intent to distribute; thus Baulkman’s arguments to the contrary are without merit. At trial, evidence was presented that showed that Baulkman was identified by both a confidential informant and Off. Moore, who was familiar with Baulkman, as standing at the vehicle where the marijuana was found. Officers Mott and Moore testified that Baulkman ran when they arrived and that they observed what appeared to be packaged marijuana and scales inside the Chevrolet Caprice. Evidence at trial also showed that the vehicles were impounded and processed by Off. Skylar Van Zant of the Shreveport Police Department. Approximately one pound of marijuana was recovered from the vehicle, some of which was packaged in a manner consistent with the sale of marijuana. An electronic scale was also in the vehicle. The registered owner of the Chevrolet Caprice was found to be Baulkman’s sister, Joketa Baulkman, who stated that Baulkman had access to the vehicle. Of the 19 | ¿fingerprints lifted from the vehicle, 18 were Baulkman’s, including his fingerprints on the actual bag in which the marijuana was found. It was also discovered that approximately two to three hours after Baulkman fled from the Chevrolet Caprice, Joketa Baulkman reported the vehicle stolen, insinuating Baulkman’s guilty knowledge.
Another noteworthy piece of evidence presented at trial regarding guilty knowledge is the custom paint job of the vehicle where the drugs were found. The Chevrolet Caprice was airbrushed in a Nabisco Company theme with teddy bears labeled as “Teddy Grahams” painted on the vehicle as well as the statement “five grams per serving.” Additionally, inside the vehicle, the words “flip-a-gram” were stitched into the dashboard and door panels. Detective Gordon testified that this paint job was advertising drug sales. He further explained that five grams of marijuana, or a. “dime bag,” is sold on the street for ten dollars..- He testified that “flip-a-gram” refers to turning drugs into money in street terms.
Therefore, Baulkman’s having been identified at the vehicle as well as his proximity to the Chevrolet Caprice where the drugs were located, his fleeing from the scene once police officers arrived, his access to the vehicle, his fingerprints on the vehicle and the marijuana packaging, the amount of marijuana found along with the scale and the manner in which the drugs Iswere packaged, the reporting of the vehicle as stolen, and the custom paint job on the vehicle advertising drug sales led the trier of fact to conclude Baulkman is guilty beyond a reasonable doubt. We find this conclusion to be reasonable and, therefore, Baulkman’s assertions on appealare without merit.
Conclusion
For the foregoing reasons, Eric Dejuán Baulkman’s conviction and sentence are affirmed.
AFFIRMED.